### JOHN HARWOOD v. JAMES MURPHY.

This Court will set aside an execution, which has been issued after the death of the plaintiff.

If a defendant in error dies after errors assigned, his Executors may proceed until the judgment is affirmed, as if he were living, and then the judgment must be revived by scire facias.

---

John Harwood obtained a judgment in this court, against James Murphy, which the latter removed by writ of error into the Court of Appeals. The judgment was affirmed at the special term in January last. At the term of February, the following entry was made in the minutes of this court,—" The record in this cause having been remitted into this court from the Court of Appeals in the last resort in causes of law, whereby it appears, that the judgment of this court had been affirmed with the sum of eighty-seven dollars and ninety-six cents, adjudged to the said John Harwood the defendant in error, for his costs

13

and charges by him sustained and expended, in and about his defence in said court ; ordered that execution do issue thereupon according to law."

An execution was issued, tested on the second Tuesday of November, 1831, and returnable the seventh day of March, 1832, and directed to the sheriff of the county of Middlesex, who endorsed his receipt dated the 6th of March, 1832.

*W. Halsted* at this term applied to set aside the execution and read in support of the motion, several affidavits taken before Justice Drake, at the instance of the defendant, and upon notice to the attorney of the plaintiff. From these it appeared, that John Harwood departed this life on or about the first or second day of January, 1832, at a place called Bush in the State of Maryland—and *Halsted* contended, that before the execution could lawfully issue, the representatives of Harwood must be made a party. He cited 1 *Arch. Pr.* 239 ; *Yel.* 208, 9 ; *Bingham on Judgts. and Executions*, 129 ; *D. Bac. Abrid.* title *scire facias, C.* 4.

*Hamilton* and *Scott*, contra, and cited 1 *Arch. Pr.* 256 ; 6 *T. R.* 368 ; 7 *Johnson* 7 ; 2 *Ld. Ray.* 850.

*Wood* replied.

BY THE COURT.—The affidavits which have been read satisfactorily shew that Harwood, the defendant in error, who was the plaintiff in this court, died after the joinder in error and before the hearing of the cause at the special term in January last, when the judgment of affirmance was rendered.

The course to be pursued, in such circumstances is distinctly pointed out in the practical books and by Sergeant Williams, in his note to 2 *Saund.* 101, *o.* If, say they, the defendant in error dies after errors assigned, his executors may proceed until the judgment is affirmed, as if he were living, and then the judgment must be revived by scire facias.

The cases referred to by the counsel of Harwood, are not in point. They are not cases in error, and in each it was the death of the defendant, against whom, not of the plaintiff, in whose favor the execution was issued.

The execution in this case was improvidently sued out. The

teste being made in November term, if not in itself irregular as was insisted by the counsel of Murphy, cannot cure the defect.